

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID SCHEPERS, on his own behalf and on behalf of a class of those similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | 1:09-cv-1324 WTL-TAB |
| v. | ) ) | No. |
| COMMISSIONER, INDIANA DEPARTMENT OF CORRECTION, | ) ) ) | |
| | ) | Complaint – Class Action |
| Defendant. | ) | |

**Class Action Complaint for Declaratory and Injunctive Relief**

**Introduction**

1.      David Schepers committed a sex offense in 1986 and in 2004.  The public internet-based Indiana Sex and Violent Offender Registry ("registry") that is controlled and operated by the Indiana Department of Correction lists him as a "sex predator," short for sexually violent predator and as a "violent offender." There are specific statutory requirements for both of these categories. However, Indiana law is clear that he is neither a sexually violent predator nor a violent offender. Additionally, the registry states that Mr. Schepers committed an offense that he never committed. The Department of Correction provides no process for those listed on the registry to challenge listings which are factually erroneous. This violates due process and, accordingly, the defendant should be enjoined to comply with the requirements of the Fourteenth Amendment.

**Jurisdiction, venue, and cause of action**

2.      This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

4.      Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

5.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

**Parties**

6.      David Schepers is an adult resident of Indiana.

7.      The Commissioner of the Indiana Department of Correction is the duly appointed head of the Department and is sued pursuant to Rule 17(d) of the Federal Rules of Civil Procedure.

**Class action allegations**

8.      David Schepers brings this action on his own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

9.      The class is defined as:

> all persons who are required to register on Indiana's sex and violent offender registry.

10.     The proposed class meets all the requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

   a.      The class is so numerous that it is impracticable to join all members. The class consists of thousands of persons.

   b.      There are questions of law or fact common to the class – whether due process requires that persons registering on Indiana's sex and violent offender registry be afforded a process to challenge factual errors on the registry.

   c.      The claims of the representative party are typical of those of the class.

   d.      The representative party will fairly and adequately protect the interests of the class.

2

13.     The further requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure are met in this cause in that the defendant, at all times, has acted and has refused to act in a manner generally applicable to the class, thereby making final injunctive and declaratory relief appropriate with respect to the class as a whole.

14.     Counsel for plaintiff is an appropriate and adequate attorney to represent the class and should be appointed as attorney for the class pursuant to Rule 23(g), Federal Rules of Civil Procedure.

**Legal background**

15.     Indiana Code 36-2-13-5.5 establishes "an Indiana sex and violent offender website . . . to inform the general public about the identity, location, and appearance of every sex or violent offender residing within Indiana."

16.     The registry is maintained by the Indiana Department of Correction and is published on the internet.  IND. CODE §§ 11-8-2-12.4; 11-8-2-13.

17.     The Indiana Department of Correction assumed control of the registry effective July 1, 2006.

18     Indiana law defines sex offender as a person convicted of:

(1) Rape (IC 35-42-4-1).

(2) Criminal deviate conduct (IC 35-42-4-2).

(3) Child molesting (IC 35-42-4-3).

(4) Child exploitation (IC 35-42-4-4(b)).

(5) Vicarious sexual gratification (including performing sexual conduct in the presence of a minor) (IC 35-42-4-5).

(6) Child solicitation (IC 35-42-4-6).

(7) Child seduction (IC 35-42-4-7).

(8) Sexual misconduct with a minor as a Class A, Class B, or Class C felony (IC 35-42-4-9), unless:

> (A) the person is convicted of sexual misconduct with a minor as a Class C felony;
>
> (B) the person is not more than:
>
>> (i) four (4) years older than the victim if the offense was committed after June 30, 2007; or
>>
>> (ii) five (5) years older than the victim if the offense was committed before July 1, 2007; and
>
> (C) the sentencing court finds that the person should not be required to register as a sex offender.

(9) Incest (IC 35-46-1-3).

(10) Sexual battery (IC 35-42-4-8).

(11) Kidnapping (IC 35-42-3-2), if the victim is less than eighteen (18) years of age, and the person who kidnapped the victim is not the victim's parent or guardian.

(12) Criminal confinement (IC 35-42-3-3), if the victim is less than eighteen (18) years of age, and the person who confined or removed the victim is not the victim's parent or guardian.

(13) Possession of child pornography (IC 35-42-4-4(c)).

(14) Promoting prostitution (IC 35-45-4-4) as a Class B felony.

(15) Promotion of human trafficking (IC 35-42-3.5-1(a)(2)) if the victim is less than eighteen (18) years of age.

(16) Sexual trafficking of a minor (IC 35-42-3.5-1(b)).

(17) Human trafficking (IC 35-42-3.5-1(c)(3)) if the victim is less than eighteen (18) years of age.

(18) An attempt or conspiracy to commit a crime listed in subdivisions (1) through (17).

4

(19) A crime under the laws of another jurisdiction, including a military court, that is substantially equivalent to any of the offenses listed in subdivisions (1) through (18).

Indiana Code § 11-8-8-4.5

19.     Effective July 1, 2007, the Indiana statutes providing for a sex offender registry were amended to create a sex and violent offender registry. *See* IND. CODE § 36-2-13-5.5.

20.     The "violent" offenses added to the preexisting registry are murder (IND. CODE § 35-42-1-1) and manslaughter (IND. CODE § 35-42-1-3), IND. CODE 11-8-8-5 (a)(18), (19), as well as attempts or conspiracies to commit murder and manslaughter. (IND. CODE § 11-8-8-5(a)(20).

21.     Therefore, Indiana law provides that a sex or violent offender as a person convicted of:

(1) Rape (IC 35-42-4-1).

(2) Criminal deviate conduct (IC 35-42-4-2).

(3) Child molesting (IC 35-42-4-3).

(4) Child exploitation (IC 35-42-4-4(b)).

(5) Vicarious sexual gratification (including performing sexual conduct in the presence of a minor) (IC 35-42-4-5).

(6) Child solicitation (IC 35-42-4-6).

(7) Child seduction (IC 35-42-4-7).

(8) Sexual misconduct with a minor as a Class A, Class B, or Class C felony (IC 35-42-4-9), unless:

(A) the person is convicted of sexual misconduct with a minor as a Class C felony;

(B) the person is not more than:

(i) four (4) years older than the victim if the offense was committed after June 30, 2007; or

(ii) five (5) years older than the victim if the offense was committed before July 1, 2007; and

(C) the sentencing court finds that the person should not be required to register as a sex offender.

(9) Incest (IC 35-46-1-3).

(10) Sexual battery (IC 35-42-4-8).

(11) Kidnapping (IC 35-42-3-2), if the victim is less than eighteen (18) years of age, and the person who kidnapped the victim is not the victim's parent or guardian.

(12) Criminal confinement (IC 35-42-3-3), if the victim is less than eighteen (18) years of age, and the person who confined or removed the victim is not the victim's parent or guardian.

(13) Possession of child pornography (IC 35-42-4-4(c)).

(14) Promoting prostitution (IC 35-45-4-4) as a Class B felony.

(15) Promotion of human trafficking (IC 35-42-3.5-1(a)(2)) if the victim is less than eighteen (18) years of age.

(16) Sexual trafficking of a minor (IC 35-42-3.5-1(b)).

(17) Human trafficking (IC 35-42-3.5-1(c)(3)) if the victim is less than eighteen (18) years of age.

(18) Murder (IC 35-42-1-1).

(19) Voluntary manslaughter (IC 35-42-1-3).

(20) An attempt or conspiracy to commit a crime listed in subdivisions (1) through (19).

(21) A crime under the laws of another jurisdiction, including a military court, that is substantially equivalent to any of the offenses listed in subdivisions (1) through (20).

22.      Indiana law requires that a sex or violent offender must register with the local law

enforcement authority in the county where he or she resides, works, and/or is enrolled in

school. IND. CODE § 11-8-8-7.

6

23.     The term "local law enforcement authority" is defined by IND. CODE § 11-8-8-2 as

"the: (1) chief of police of a consolidated city; or (2) sheriff of a county that does not

contain a consolidated city."

24.     Failing to register is a felony.  IND. CODE § 11-8-8-17.

25.     The registration information that must be provided includes the offender's full

name, alias, date of birth, sex, race, height, weight, hair color, eye color, distinguishing

features, social security and driver's license numbers, vehicle description and license

plate number, address, a description of the offense and a recent photograph.  IND. CODE §

11-8-8-8.

26.     Much of this information is published on the sex or violent offender registry.

27.     Indiana law has also created a statutory classification of "sexually violent

offender" as follows:

> (a) As used in this section, "sexually violent predator" means a person who
> suffers from a mental abnormality or personality disorder that makes the
> individual likely to repeatedly commit a sex offense (as defined in IC 11-8-8-5.2).
> The term includes a person convicted in another jurisdiction who is identified as a
> sexually violent predator under IC 11-8-8-20. The term does not include a person
> no longer considered a sexually violent predator under subsection (g).
>
> (b) A person who:
>
> > (1) being at least eighteen (18) years of age, commits an offense described
> > in:
> >
> > > (A) IC 35-42-4-1;
> > >
> > > (B) IC 35-42-4-2;
> > >
> > > (C) IC 35-42-4-3 as a Class A or Class B felony;
> > >
> > > (D) IC 35-42-4-5(a)(1);
> > >
> > > (E) IC 35-42-4-5(a)(2);

(F) IC 35-42-4-5(a)(3);

(G) IC 35-42-4-5(b)(1) as a Class A or Class B felony;

(H) IC 35-42-4-5(b)(2);

(I) IC 35-42-4-5(b)(3) as a Class A or Class B felony;

(J) an attempt or conspiracy to commit a crime listed in clauses (A) through (I); or

(K) a crime under the laws of another jurisdiction, including a military court, that is substantially equivalent to any of the offenses listed in clauses (A) through (J);

(2) commits a sex offense (as defined in IC 11-8-8-5.2) while having a previous unrelated conviction for a sex offense for which the person is required to register as a sex or violent offender under IC 11-8-8;

(3) commits a sex offense (as defined in IC 11-8-8-5.2) while having had a previous unrelated adjudication as a delinquent child for an act that would be a sex offense if committed by an adult, if, after considering expert testimony, a court finds by clear and convincing evidence that the person is likely to commit an additional sex offense; or

(4) commits a sex offense (as defined in IC 11-8-8-5.2) while having had a previous unrelated adjudication as a delinquent child for an act that would be a sex offense if committed by an adult, if the person was required to register as a sex or violent offender under IC 11-8-8-5(b)(2);

is a sexually violent predator. Except as provided in subsection (g) or (h), a person is a sexually violent predator by operation of law if an offense committed by the person satisfies the conditions set forth in subdivision (1) or (2) and the person was released from incarceration, secure detention, or probation for the offense after June 30, 1994.

(c) This section applies whenever a court sentences a person or a juvenile court issues a dispositional decree for a sex offense (as defined in IC 11-8-8-5.2) for which the person is required to register with the local law enforcement authority under IC 11-8-8.

(d) At the sentencing hearing, the court shall indicate on the record whether the person has been convicted of an offense that makes the person a sexually violent predator under subsection (b).

8

(e) If a person is not a sexually violent predator under subsection (b), the prosecuting attorney may request the court to conduct a hearing to determine whether the person (including a child adjudicated to be a delinquent child) is a sexually violent predator under subsection (a). If the court grants the motion, the court shall appoint two (2) psychologists or psychiatrists who have expertise in criminal behavioral disorders to evaluate the person and testify at the hearing. After conducting the hearing and considering the testimony of the two (2) psychologists or psychiatrists, the court shall determine whether the person is a sexually violent predator under subsection (a). A hearing conducted under this subsection may be combined with the person's sentencing hearing.

28.     A sex or violent offender must go to the local law enforcement authority once a year to register and have a new photograph taken. IND. CODE § 11-8-8-14(a).

29.     A sexually violent predator must register every 90 days. IND. CODE § 11-8-8-14(b).

30.     A sex or violent offender must be visited once a year by local law enforcement, although sexually violent predators must be visited every 90 days. Indiana Code § 11-8-8-13(3), (4).

**Factual allegations**

31.     In 1987, David Schepers was convicted of one count of rape for an offense that took place in 1986. He was released from prison in 1991 and was released from parole in 1992.

32.     In 2006 he was convicted of two counts of child exploitation pursuant to Indiana Code 35-42-4-4(b).

33.     In 1994 he was convicted of criminal confinement of an adult for an offense that took place in 1993.

34.     He was never adjudicated a delinquent child for committing a sex offense while a minor.

35.     He has been classified by the Department of Correction as a sexually violent predator and his registry listing states, in flashing red letters, "SEX PREDATOR."

36.     Additionally, his registry listing, created by the Department of Correction, states that he is a sex offender and a violent offender.

37.     At no time did any criminal court find that he was a sexually violent predator after the proceeding noted in Indiana Code § 35-38-1-7.5(e).

38.     David Schepers is not properly listed as a sexually violent predator inasmuch as:

-the only offense that he has committed that is listed in Indiana Code § 35-38-1-7.5(b)(1) is his rape conviction. However, he was released from incarceration for the offense and his parole terminated prior to June 30, 1994 and it therefore cannot be considered. IND. CODE § 35-38-1-7.5(b).

-he has not been convicted of two unrelated sex offenses (Indiana Code § 35-38-1-7.5(3)) for which he was released from incarceration or had probation terminated subsequent to July 1, 1994.

39.     David Schepers is not properly listed as a violent offender inasmuch as he has never been convicted of murder, voluntary manslaughter, or conspiracy or attempt to commit those offenses.

40.     Additionally, the sex and violent offender registry erroneously lists him as being convicted of two rape cases, in two separate counties, in 1987. However, he was only convicted of one such offense.

41.     Mr. Schepers registers every three months as required by Indiana law for persons classified as sexually violent predators, although he is not a sexually violent predator.

42.     Mr. Schepers has contacted the Department of Correction to challenge the factual accuracy of his registry listing. However, the listing has not been corrected.

43.     At no time has Mr. Schepers been afforded any effective procedure or process to challenge his registry listing.

44.     He has never been informed of any such process or procedure because there was, and is, none.

45.     The Indiana Department of Correction, headed by the defendant Commissioner, is responsible for the lack of any administrative procedure for Mr. Schepers and the putative class to challenge factually erroneous listings on the registry.

46.     Mr. Schepers and the putative class have a liberty interest in not being erroneously listed as sexually violent predators or erroneously being listed on the registry as sex and/or violent offenders.

47.     At all times defendant has acted under color of state law.

48.     The defendant has caused plaintiff and the putative class irreparable harm for which there is no adequate remedy at law.

**Legal claim**

49.     The failure of defendant to provide plaintiff and the putative class with a procedure, and notice of the procedure, to challenge factually erroneous listings and/or classifications on Indiana's sex and violent offender registry violates procedural due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

**Request for relief**

WHEREFORE, plaintiff requests that this Court.

a.     Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

b.     Certify this case as a class action with the class as defined above.

c.     Enter a declaratory judgment that defendant has violated procedural due process.

d.     Enter a preliminary injunction, later to be made permanent, requiring defendant to create a procedure, and notice of the procedure, allowing plaintiff

and the putative class to challenge factually erroneous listings and/or classifications on Indiana' sex and violent offender registry.

e.      Award plaintiff his costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

f.      Award all other proper relief.

Kenneth J. Falk
No. 6777-49
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax:  317/635-4105
kfalk@aclu-in.org

Attorney for Plaintiff and the
Putative Class