UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID SCHEPERS et al.,           ) | |
|                Plaintiffs,    ) | |
| vs.           ) | Cause No. 1:09-cv-1324-WTL-TAB |
| COMMISSIONER, INDIANA  ) DEPARTMENT OF CORRECTION,  ) | |
|                Defendant.    ) | |

**ENTRY ON MOTION FOR CLASS CERTIFICATION**

Before the Court is the Plaintiff's Motion for Class Certification (Docket No. 7). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

**I.  RULE 23 STANDARD**

Federal Rule of Civil Procedure 23 governs class actions. Rule 23 requires a two-step analysis to determine whether it is appropriate to certify a particular class. First, the plaintiff must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000). Second, the action must satisfy one of the conditions of Rule 23(b). *Id.* The Court has "'broad discretion to determine whether certification of a class-action lawsuit is appropriate,'" *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 629 (7th Cir. 2001)), and class certification decisions are reviewed using the abuse of discretion standard. *Id.*

## II. BACKGROUND

The named Plaintiff, David Schepers, was convicted of two sex offenses – rape in 1987 and two counts of child exploitation in 2006. The Department of Correction ("DOC") classifies him as a sexually violent predator and his listing on the Indiana Sex and Violent Offender Registry ("Registry") states that Schepers is a sex offender and a violent offender. Schepers claims that he is not properly listed as a sexually violent predator because he does not satisfy the requirements of Indiana Code 35-38-1-7.5(b). In addition, he claims that he is not a violent offender because he has never been convicted of murder, voluntary manslaughter, conspiracy to commit murder or manslaughter, or attempted murder or manslaughter. Schepers also takes issue with the fact that the Registry states that he was convicted of two rapes in 1987, when, in fact, he was only convicted of one rape.

Even though he is not a sexually violent predator, Schepers registers every three months, as required by Indiana law. He contacted the DOC in an attempt to change his Registry listing but was not successful. He claims that the DOC does not have any procedure through which a registrant can challenge his or her Registry listing. This failure allegedly violates Schepers', and the putative class members', procedural due process rights by depriving them of a procedure, and notice of said procedure, whereby they can challenge their Registry listing. Accordingly, Schepers brought this suit and now seeks to certify a class defined as: "[A]ll persons who are required to register on Indiana's sex and violent offender registry." Pl. Motion at 1.

## III. DISCUSSION

Before the express requirements of Rule 23 can be addressed, and before the class can be certified, Schepers must show that the class is "sufficiently definite to warrant class

certification." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). "'An identifiable class exists if its members can be ascertained by reference to objective criteria. A class description is insufficient, however, if membership is contingent on the prospective member's state of mind.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 172 F.R.D. 351, 357 (N.D. Ill. 1997) (quoting *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 397 (N.D. Ill. 1987)). The Seventh Circuit has emphasized that classes "defined by the activities of the defendants" are generally sufficiently definite to satisfy this requirement. *Alliance to End Repression v. Rochford*, 565 F.2d 975, 987 (7th Cir. 1977). Classes whose membership is "contingent on the state of mind of the prospective class members," are not definite enough to survive the class certification stage of litigation. *Id.*

The DOC argues that Schepers' class definition is not specific enough because there are numerous reasons why an individual could be listed on the Registry. "An individual could be required to register by law, as a condition of probation, as a condition of parole, or by a sentencing court." Response at 4. Because "[t]hese varying sources of any requirement to register would vary the membership fo the class," the Defendant argues that the proposed class should not be certified. *Id*. The Court disagrees. While there are various reasons for registering, Schepers' argument is that all individuals on the Registry suffer a violation of their procedural due process rights because they were not notified how to challenge or change their classification. There mere fact that the individuals are listed on the registry is what causes the violation. Because the Court can easily ascertain whether a potential plaintiff is listed on the Registry, the class is sufficiently defined. Individuals who are on the Registry are putative class members. Individuals who are not on the Registry are excluded from the class.

Turning to the first express requirement of Rule 23, numerosity, Schepers must show that "the class is so numerous that joinder of all members in impracticable." FED. R. CIV. P. 23(a)(1). In his motion, Schepers avers that there are currently more than 1,000 individuals on the Registry and more are added every day. The Defendant agrees that "the number of individuals required to register would be so numerous that joinder is impracticable." Response at 4. Thus, the Defendant concedes this point. The putative class satisfies the numerosity requirement.

The second requirement of Rule 23(a) is the presence of "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). "'A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2).'" *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992)). "Common nuclei of fact are typically manifest where . . . the defendants have engaged in standardized conduct towards members of the proposed class." *Id*.

The Defendant claims that the proposed class lacks commonality because the Plaintiff's allegations are specific to his situation. The DOC argues that "[t]here are not allegations that there are others who believe their information on the Registry is incorrect and have not been afforded a procedure to challenge the allegedly erroneous information." Response at 5. This argument misconstrues the Plaintiff's allegations. Schepers claims he was injured not only because his Registry information is incorrect or because he was not afforded a procedure to challenge the Registry, but because he was never notified about how to change his information. Schepers need not show that individuals want to challenge their listing in the Registry[1] – his

---

[1] However, the Court notes that Schepers presented evidence indicating that the Registry may contain the names of many individuals who cannot be required to register based on *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009). If these individuals' names are actually included in the

claim is based on the Defendant's failure to inform registrants how to challenge their listing. The class members' injuries are based on the Defendant's alleged failure to inform them about how to challenge their Registry listing. The Plaintiff has illustrated a common nuclei of fact and has satisfied the commonality requirement.

The third requirement is typicality – "the claim or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). "The question of typicality in Rule 23(a)(3) is closely related to the preceding question of commonality." *Rosario*, 963 F.2d at 1018. The Seventh Circuit has stated that a "'plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" *Id.* (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). The Defendant claims that the Plaintiff does not satisfy this prong because "there is no evidence that other individuals on the Registry have been unable to challenge or correct any errors." Response at 6. Like its commonality argument, the Defendant's typicality argument also misses the mark. Schepers is not only suing to correct his Registry listing or to avenge his inability to challenge this listing. He is suing because he was never notified about how to challenge his listing. Thus, his claim for lack of notice, which gives rise to the alleged constitutional violation, is identical to the putative class members' claim and it arises from the same conduct. Accordingly, Schepers satisfies the typicality requirement.

The fourth and final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). "A class is not

---

Registry, presumably they would want to remove or challenge their listing.

fairly and adequately represented if class members have antagonistic or conflicting claims." *Rosario*, 963 F.2d at 1018.  In *Retired Chicago Police Ass'n*, the court noted that "adequacy of representation is composed of two parts: 'the adequacy of the named plaintiff's counsel, and the adequacy of representation provided in protect the different, separate, and distinct interest' of the class members."  *Retired Chicago Police Ass'n*, 7 F.3d at 598 (quoting *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986)).  In the instant case, the Defendant concedes that Schepers would be an adequate class representative "for any individuals who believe there is a reason to challenge the factual listings on the Registry and have been unable to do so."  Response at 7.  His claims are neither antagonistic to, nor in conflict with, the claims of the class as a whole.  In addition, the "Defendant does not dispute that Plaintiff's counsel can adequately represent the class should the class be certified."  *Id.*  Accordingly, the Court finds that the fourth requirement is met.  Schepers is an appropriate class representative.

Having satisfied the four requirements of Rule 23(a), Schepers has not fully met his burden.  He must also satisfy one of the requirements of Rule 23(b).  Here, Schepers claims that he satisfies Rule 23(b)(2), which allows a class action to be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

In the instant case, the Defendant has allegedly violated the procedural due process rights of the entire class.  Accordingly, if Schepers prevails on the merits, injunctive relief will be appropriate.  Having reviewed the parties' arguments, as well as the relevant case law, the Court believes that the class definition is drafted in a way that will allow identification of class

members.  Because the Plaintiffs seek only declaratory and injunctive relief, Schepers has satisfied Rule 23(b)(2).  Accordingly, he has met the requirements for class certification.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Class Certification (Docket No. 7) is **GRANTED**.

SO ORDERED:   03/03/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Eric James Beaver
Indiana Office of the Attorney General
eric.beaver@atg.in.gov

Kenneth J. Falk
ACLU of Indiana
kfalk@aclu-in.org

Betsy M. Isenberg
Indiana Office of the Attorney General
Betsy.Isenberg@atg.in.gov